NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1360
_____

ANGELIQUE JENKINS,
                                        Appellant

v.

TRANSPORT WORKERS LOCAL 234
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:19-cv-01904)
District Judge:  Honorable Chad F. Kenney

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 5, 2021

Before:  MCKEE, SHWARTZ and RESTREPO, Circuit Judges

(Opinion filed: August 26, 2021)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Angelique Jenkins appeals pro se from the District Court's order dismissing her amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, we will affirm that order.

I.

Jenkins was employed by the Southeastern Pennsylvania Transportation Authority ("SEPTA"), initially serving as a bus driver, then as a train operator. In February 2019, she mistakenly opened the wrong side of her train's doors at one of the stations. At that time, Jenkins was subject to a "last chance" agreement ("LCA") with SEPTA, an agreement that had placed her at the last step of SEPTA's progressive discipline policy. That step of the policy called for the discharge of the employee. Shortly after the February 2019 incident, SEPTA discharged Jenkins.

Jenkins later filed a pro se complaint in the District Court against her union, Transport Workers Local 234 ("the Union"). The complaint appeared to allege that, in connection with Jenkins's discharge, the Union had violated, inter alia, its duty of fair representation and her rights under Title VII of the Civil Rights Act of 1964. The Union moved to dismiss the complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted. In November 2019, the District Court entered an order granting that motion without prejudice to Jenkins's ability to file an amended complaint. In that order, the District Court explained that "[t]he Amended Complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim." (Dist. Ct. Order entered Nov. 21, 2019, at 1.)

Jenkins filed an amended complaint against the Union in December 2019.  The substantive content of that pleading, which was presented in letter format and was just over two pages in length, appeared to reiterate Jenkins's fair-representation and Title VII claims.  She contended that the February 2019 incident should not have subjected her to discharge under the LCA, and she baldly alleged that the Union had refused to arbitrate her discharge because of her decision to run in an upcoming Union election.

The Union moved to dismiss Jenkins's amended complaint under Rule 12(b)(6). On January 7, 2020, the District Court granted that motion and dismissed the amended complaint with prejudice.  Jenkins now appeals, challenging the January 7, 2020 order.[1]

## II.[2]

We see no reason to disturb the District Court's disposition of Jenkins's amended complaint.  Although "a union breaches its duty of fair representation if its actions are either arbitrary, discriminatory, or in bad faith," Air Line Pilots Ass'n, Int'l v. O'Neill, 499 U.S. 65, 67 (1991) (internal quotation marks omitted),[3] we agree with the District Court that Jenkins's conclusory allegations against the Union in her amended complaint

---

[1] Jenkins filed her notice of appeal on February 18, 2020.  Although the original deadline for filing an appeal was February 6, 2020, see Fed. R. App. P. 4(a)(1)(A), the District Court granted Jenkins's motion for an extension of time pursuant to Federal Rule of Appellate Procedure 4(a)(5).  In view of that grant, this appeal is timely.

[2] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and we exercise plenary review over the District Court's January 7, 2020 order.  See In re Schering Plough Corp. Intron/Temodar Consumer Class Action, 678 F.3d 235, 243 (3d Cir. 2012).
[3] "[A] union's actions are arbitrary only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a wide range of reasonableness as to be irrational."  Air Line Pilots Ass'n, Int'l, 499 U.S. at 67 (internal quotation marks and citation omitted).

are insufficient to state a viable fair-representation claim, see Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (explaining that a pleading that merely "tenders naked assertion[s] devoid of further factual enhancement" is insufficient (alteration in original) (internal quotation marks omitted)); Eid v. Thompson, 740 F.3d 118, 122 (3d Cir. 2014) (explaining that, to survive a Rule 12(b)(6) motion, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level" (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007))). As for Jenkins's Title VII claim, we agree with the District Court that this claim fails because, inter alia, the amended complaint does not allege that the Union discriminated against her based on her "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(c); see Connelly v. Lane Constr. Corp., 809 F.3d 780, 788 (3d Cir. 2016) (explaining that under either the pretext or mixed-motive theory of discrimination, a Title VII plaintiff "must establish that her protected status was a factor in the . . . challenged action"). Finally, we cannot conclude that the District Court erred by not affording Jenkins another chance to amend her complaint. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (indicating that leave to amend need not be granted if amendment would be futile).[4]

---

[4] To the extent that Jenkins's brief argues that the District Court should have allowed her to amend her complaint to add a Title VII retaliation claim against *SEPTA*, this argument ignores the fact that she was otherwise able to litigate such a claim. A few weeks after she commenced this civil action against the Union, she brought a civil action against SEPTA in the District Court, raising claims related to her discharge. (See Dist. Ct. Case No. 2:19-cv-02180.) One of those claims alleged that SEPTA had retaliated against her in violation of Title VII. In May 2021, the District Court granted summary judgment against Jenkins and closed that case. Jenkins did not appeal from that judgment.

In view of the above, we will affirm the District Court's January 7, 2020 order dismissing Jenkins's amended complaint with prejudice.[5] The Union's motion to supplement the appendix with certain documents from the District Court record is granted.

---

[5] The District Court entered its order dismissing Jenkins's amended complaint 29 days after the Union filed and served its motion to dismiss. The day after that dismissal, Jenkins filed her response to that motion. On appeal, she contends that her response was timely because it was filed within 30 days of that motion, and she appears to take issue with the fact that the District Court ruled before receiving that response. But her position on timeliness is incorrect, for the period to timely respond to the Union's motion to dismiss was actually 17 days, not 30. See E.D. Pa. Civ. R. 7.1(c) (providing that, unless the District Court directs otherwise, a party's response to a motion is due within 14 days after service of the motion); Fed. R. Civ. P. 6(d) (providing that, when a party must act within a specified time after being served and service is made by mail, the response deadline is extended by three days). And even if her response had been timely filed, we are not convinced that its content would have warranted a different resolution of the Union's motion.